NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 1 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30029 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 3:20-cr-00095-JMK-MMS-1 |
| JACE EMERSON FESLER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska,
Joshua M. Kindred, District Judge, Presiding,

Argued and Submitted February 15, 2023
Seattle, Washington

Before: W. FLETCHER and VANDYKE, Circuit Judges, and LIBURDI,[**]
District Judge.

Appellant Jace Fesler appeals from his conviction, following a bench trial, of

felon in possession of a firearm and ammunition in violation of 18 U.S.C.

§§ 922(g)(1) and (a)(2). Fesler contends that the district court erred by denying his

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael T. Liburdi, United States District Judge for the District of
Arizona, sitting by designation.

motion to suppress a firearm and statements he made to police because that evidence was the fruit of an unlawful frisk. The district court denied the motion to suppress upon recommendation from the magistrate judge. Because the facts are known to the parties, we do not recite them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the legal conclusions underlying the district court's denial of a motion to suppress *de novo*. *United States v. Torres*, 828 F.3d 1113, 1118 (9th Cir. 2016); *United States v. Lopez-Soto*, 205 F.3d 1101, 1103–04 (9th Cir. 2000). Factual findings are reviewed for clear error. *United States v. Mattarolo*, 209 F.3d 1153, 1155–56 (9th Cir. 2000). "We may affirm the denial of the motion to suppress on any basis supported by the record." *United States v. Choudhry*, 461 F.3d 1097, 1100 (9th Cir. 2006).

Under limited circumstances, once officers lawfully stop a vehicle, they may conduct a weapons search of the vehicle's occupants. *United States v. Salas*, 879 F.2d 530, 535 (9th Cir. 1989). "The standard for justifying a frisk is whether a reasonably prudent person in the circumstances would be warranted in the belief that his or her safety or that of others was in danger." *United States v. Thomas*, 863 F.2d 622, 628 (9th Cir. 1988). "We determine whether there was a founded suspicion for a pat-down search based on a totality of the circumstances." *Salas*, 879 F.2d at 535. If the officer "has reason to believe that the suspect is armed and dangerous, the

officer may conduct a limited weapons search." *Thomas*, 863 F.2d at 628.

Fesler concedes that he was armed, arguing only that the frisk was not supported by a reasonable fear that he was dangerous.[1] The record shows that the police had actual knowledge that Fesler was armed with two knives. Fesler contends that the weapons frisk was a pretext to unlawfully search him for the vehicle keys. We disagree.

Fesler argues that it was unreasonable for the police to frisk him after they required him to exit the vehicle. Exiting the vehicle enhanced Fesler's freedom of motion and, relatedly, his ability to pose a danger to the officers. Fesler raised his voice and refused to give the officers his keys as he approached them. *See United States v. I.E.V.*, 705 F.3d 430, 436 (9th Cir. 2012). These facts provided the officers with reasonable suspicion justifying a lawful weapons frisk.

Fesler also argues the officers did not have an immediate need to frisk him because they had already questioned him for thirty minutes and instructed him to leave. But the cases Fesler submits in support of this position—*Thomas* and *I.E.V.*—are distinguishable. In both cases, the officers conducted their entire investigations while the suspects calmly stood outside of their vehicles and complied with all of the officers' requests. *Thomas*, 863 F.2d at 628–29; *I.E.V.*, 705 F.3d at

---

[1] Fesler does not challenge the propriety of the investigatory stop, so we assume, without deciding, that the frisk was performed after a lawful stop under *Terry v. Ohio*, 392 U.S. 1 (1968).

436, 438. Fesler was calm, compliant, and seated in his vehicle for much of the investigatory stop. The officers only frisked Fesler after he exited the vehicle, became emotional and noncompliant, and approached the officers. The officers conducted the frisk within one minute of Fesler exiting the vehicle. Because of the evolving circumstances, the district court did not err in failing to credit the length of the investigation before the frisk. The fact that the officers were preparing to release him does not undermine the district court's decision in this case. The justification for *Terry* is "more than the governmental interest in investigating crime." 392 U.S. at 23. It is also to ensure officer safety. *Id.*

Finally, Fesler argues that the district court should have considered the nonviolent nature of his suspected criminal activity—trespassing, shoplifting, and invalid vehicle registration—in determining whether a reasonably prudent person would have considered him dangerous. It is true that suspicion of drug activity or violent offenses can support the reasonable suspicion required to justify a *Terry* frisk. *I.E.V.*, 705 F.3d at 436; *United States v. Davis*, 530 F.3d 1069, 1082–83 (9th Cir. 2008). But this authority does not necessarily support the inverse, that an officer's suspicion of nonviolent crimes weighs against a finding of reasonable suspicion that a suspect is armed and dangerous.

Considering the officers' knowledge of Fesler's knife possession, together with Fesler's demeanor after he exited the vehicle, we hold that the frisk was

4

supported by a reasonable suspicion that he was armed and dangerous. *See Salas*, 879 F.2d at 535. Accordingly, the district court did not err.

**AFFIRMED.**